# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Del Webb Communities, Inc., | ) | |
| | ) | C.A. No.: 9:16-cv-1209-PMD |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| American Home Assurance Company, | ) | |
| AIG Specialty Insurance Company f/k/a | ) | |
| Chartis Specialty Insurance Company f/k/a | ) | |
| American International Specialty Lines | ) | |
| Insurance Company, Crum & Forster | ) | |
| Specialty Insurance Company, Interstate | ) | |
| Fire & Casualty Company, Maryland | ) | |
| Casualty Company, National Union Fire | ) | |
| Insurance Company of Pittsburgh PA, | ) | |
| Commerce & Industry Insurance | ) | |
| Company, Everest National Insurance | ) | |
| Company, Burlington Insurance Company, | ) | |
| The Liberty Mutual Insurance Company, | ) | |
| Zurich American Insurance Company, | ) | |
| The Insurance Company of the State of | ) | |
| Pennsylvania, Mt. Hawley Insurance | ) | |
| Company, American Empire Insurance | ) | |
| Company, American Empire Surplus Lines | ) | |
| Insurance Company, First Mercury | ) | |
| Insurance Company, ANSE, Inc., Archer | ) | |
| Exteriors, Inc., D.J. Construction Co., LLC | ) | |
| d/b/a Leor Company, LLC, Georgia State | ) | |
| Plastering, LLC, Integrity Wall Systems, | ) | |
| LLC, MASCO Contractor Services Central, | ) | |
| Inc. a/k/a MASCO Corporation and its | ) | |
| subsidiaries a/k/a Gale Industries, Inc. | ) | |
| a/k/a Gale Fiberglass Installations a/k/a | ) | |
| Gale Contractor Services a/k/a Fiberglass | ) | |
| Installations, Inc. a/k/a L&H Insulation, | ) | |
| LLC a/k/a L&H Insulation a/k/a Builder | ) | |
| Services Group, Inc., Ramiro Rodriquez | ) | |
| a/k/a Ram Construction, and South Carolina | ) | |
| State Plastering, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff Del Webb Communities, Inc.'s motion to remand (ECF No. 43). For the reasons stated herein, Del Webb's motion is granted.

## BACKGROUND

This action arises out of an insurance dispute between Del Webb and its subcontractors' insurance companies concerning Del Webb's Sun City project. Several homeowners have sued Del Webb and its subcontractors in state court, alleging defects in the homes it built during its Sun City project. Del Webb has brought this action for a declaratory judgment of its rights to defense and indemnity in those cases as an alleged additional insured under the insurance policies issued to its subcontractors.[1]

## PROCEDURAL HISTORY

Defendant Liberty Mutual Insurance Company removed this action from the Court of Common Pleas for Beaufort County on April 18, 2016. Del Webb filed its motion to remand on May 18, 2016. Liberty Mutual filed a response in opposition on June 20 and Defendant Mt. Hawley filed a similar response on June 30.[2] Del Webb filed its reply on July 14. Accordingly, these matters are now ripe for consideration.

## LEGAL STANDARD

The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)). District courts are obliged to construe removal jurisdiction strictly because of the "significant federalism concerns" that removal

---

1. For purposes of this Court's diversity jurisdiction, Liberty Mutual concedes that the following subcontractor defendants are non-diverse: South Carolina State Plastering, Georgia State Plastering, LLC, DJ Construction Co., LLC d/b/a Leor Company, LLC, and ANSE, Inc. The Court refers to the subcontractors as a group because the subcontractors' rights and obligations in this action are sufficiently similar that there is no need to differentiate between them.

2. The remaining insurers joined in Liberty Mutual's response in opposition to Del Webb's motion.

implicates. *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Therefore, "[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary." *Dixon*, 369 F.3d at 816; *see also Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) ("[C]ourts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'" (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993))).

## DISCUSSION

The Court initially notes that Liberty Mutual and the other insurer defendants do not contest Del Webb's allegations as to the citizenship of any of the non-diverse subcontractor defendants. Thus, whether remand is appropriate in this case turns on two related, but distinct questions. First, the Court must determine whether the subcontractors were fraudulently joined as defendants in order to defeat this Court's diversity jurisdiction. If the Court determines that the subcontractors were not fraudulently joined, the Court must then decide whether the subcontractors are nominal parties such that they should be excepted from the complete diversity requirement of 28 U.S.C. § 1332. If the subcontractors were fraudulently joined or if they are nominal parties, then the Court has jurisdiction and should retain this case. In contrast, if the subcontractors were not fraudulently joined and are also not nominal parties, then the Court must grant Del Webb's motion to remand.

### I. Fraudulent Joinder

Del Webb named four non-diverse defendants in its complaint. "Normally, this would defeat removal on the basis of diversity jurisdiction under 28 U.S.C. § 1332 because complete diversity of citizenship . . . is necessary for a federal court to exercise diversity jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (citing *Mayes v. Rapoport*, 198

F.3d 457, 464 (4th Cir. 1999)). However, under the fraudulent-joinder doctrine, "naming non-diverse defendants does not [necessarily] defeat diversity jurisdiction." *Id.* Instead, the doctrine "'effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain non[-]diverse defendants, and thereby retain jurisdiction.'" *Id.* (quoting *Mayes*, 198 F.3d at 461). "'The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim [against the non-diverse defendant(s)] even after resolving all issues of law and fact in the plaintiff's favor.'" *Id.* (quoting *Hartley*, 187 F.3d at 424). "'The removing party must show either outright fraud in the plaintiff's pleading of jurisdictional facts or that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Id.* (quoting *Hartley*, 187 F.3d at 424) (emphasis added).

Here, the insurer defendants rely on the "no possibility" avenue. They argue that Del Webb's complaint does not assert any claims against the subcontractor defendants and that Del Webb's requested declarations relate only to its own status as an additional insured under the policies issued to the subcontractors by the insurer defendants. The Court disagrees.

Del Webb's complaint contains twenty-seven different counts requesting declaratory relief against the insurer defendants. Each of those counts, however, includes a request that the Court determine whether the named insureds on the insurer defendants' policies are the subcontractors or their privies. Importantly, Del Webb also requests that the Court determine whether those subcontractors have coverage under the insurer defendants' policies with respect to the underlying litigation.[3] Although these requested declarations are not expressly directed at the subcontractors in each count's heading, there is no question that the subcontractors' rights

---

3. The Court does not and need not wade into the merits of coverage under the policies at issue. Accordingly, the Court's analysis is not meant to suggest its view of whether or not coverage exists.

and obligations would be impacted if the Court ruled on the requested declarations. For example, in count 1 of its complaint, Del Webb states as follows:

> With respect to the[sic]: (A) the Grazia Underlying Action, including the Third-Party Complaint; (B) the DaParma Underlying Action; (C) the Individual Claims; and the Repair Costs, Del Webb is in doubt as to the rights, duties, and obligations owed under the AHAC/ANSE Policies including, but not limited to:
> . . .
>   b. Whether SCSP [South Carolina State Plastering] and/or GASP [Georgia State Plastering] is a named insured under:
>     i.   Policy 93-17-76; and
>     ii.  Policy 175-74-28.
>   c. Whether SCSP and/or GASP, as a named insured, had coverage under the AHAC/ANSE Policies;
> . . .
>   e. Whether coverage, including both defense and indemnity, exists based on the allegations set forth in the Grazia Underlying Action and Third-Party Complaint, DaParma Underlying Action; and the Individual Claims;
> . . . .

(Compl., ECF No. 1-1, at ¶49.) Each subsequent count of Del Webb's complaint includes materially identical language, replacing only the names of the insurers and subcontractors, as well as the policy numbers. As set forth above, Del Webb is requesting a determination of whether the subcontractors are named as insureds under the policies issued by the insurer defendants. More importantly, however, Del Webb also seeks a declaration of whether the subcontractors are covered for the underlying litigation under those policies.[4] Resolving all issues of fact and law in the plaintiff's favor, the Court cannot conclude that Del Webb's allegations result in **no possibility** of establishing a cause of action in state court. Accordingly, the Court concludes that the subcontractors were not fraudulently joined to this action. Thus, the

---

4.   Del Webb's requested declarations as to the subcontractors' policies are permissible due to the substantial risk of insurance depletion in this case. On this point, the Court finds *Peerless Ins. Co. v. Philadelphia Ins. Co.*, No. 12-906-ML, 2013 WL 3968167 (D.R.I. July 31, 2013), instructive. In *Peerless*, the court concluded that because there was a finite amount of coverage available, each dollar spent to resolve one claim resulted in a dollar less being available for another claim. *Id.* at *3. Thus, the named insured and the additional insured in that case shared an interest in "maximizing the amount of insurance coverage available to them under the policy." *Id.*

Court must now determine whether those subcontractors are nominal parties, such that their non-diversity should be disregarded.

## II.     Nominal Parties

The Fourth Circuit has defined a nominal party as "simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). "'In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way.'" *Id.* (quoting *Hartford*, 736 F.3d at 260). "In light of this 'practical inquiry,' district courts are directed to 'focus [] on the particular facts and circumstances of a case' to determine whether this exception to complete diversity applies.'" *Id.* (quoting *Hartford*, 736 F.3d at 260); *see also Mansfield v. Vanderbilt Mortg. & Fin., Inc.*, 29 F. Supp. 3d 645, 650–51 (E.D.N.C. 2014) (explaining that a nominal party is an exception to the complete diversity requirement of 28 U.S.C. § 1332). This Court considers the following four factors in making a nominal party determination: "'(1) the level of control that the party retains over the litigation; (2) the weightiness of the party's interest in the litigation; (3) whether the party has retained counsel; and (4) whether the party has given a statement or a deposition.'" *Id.* (quoting *Shorraw v. Bell*, No. 4:13-cv-1992-JMC, 2014 WL 692752, at *3 (D.S.C. Feb. 21, 2014)). "[C]ourts have found that a party's lack of financial risk in the litigation weighs heaviest in favor of finding that a party is a nominal party." *Id.* at *3.

In *Hill*, this Court concentrated on the lack of financial risk present for Kinloch, the purported nominal defendant. *Id.* As in several other of this Court's cases in involving nominal defendants, *see Henzler v. S.C. Farm Bureau Mut. Ins. Co.*, No. 5:13-cv-3542-JMC, 2014 WL 3889106, at *3 (D.S.C. Aug. 8, 2014); *Shorraw*, 2014 WL 692752, at *3, the plaintiff in *Hill* had

signed a covenant not to execute against the non-diverse defendant, Kinloch. *Hill*, 2015 WL 1943771, at *3. Thus, Kinloch faced no financial risk whatsoever. Unlike those cases, the purported nominal defendants here are subject to financial risk arising out of the underlying litigation. While none of the relevant subcontractor defendants have appeared, and therefore have no control over the litigation, have not retained counsel, and have not given any statements or depositions, they nonetheless face a significant financial risk in the event that the Court were to declare that they were not the named insureds on certain policies or that they were not covered by the insurers' policies for the Sun City defect litigation. In the event that they are not covered by the policies on which Del Webb seeks a declaratory judgment, the subcontractors could face significant exposure to liability without coverage. There is no evidence before the Court of a covenant not to execute against the subcontractors, as was present in the cases discussed above. Because the financial risk factor has been held to be the most important, and because that risk is present here, the Court concludes that the subcontractors are not nominal parties and therefore their citizenship matters for purposes of this Court's diversity jurisdiction. Because they are conceded to be non-diverse, the Court must remand this action.

### III.     Attorney's Fees

Del Webb has also requested attorney's fees in connection with Liberty Mutual's removal of this action. The Court concludes that attorney's fees are not warranted. "The standard for awarding fees should turn on the reasonableness of the removal. "'Absent unusual circumstances, courts may award attorney's fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Crawford v. C. Richard Dobson Builders, Inc.*, 597 F. Supp. 2d 605, 612 (D.S.C. 2009) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)). While the Court has ultimately concluded

that it lacks jurisdiction to hear this case, the Court does not believe that Liberty Mutual and the other insurer defendants acted in bad faith in attempting to remove this action. In fact, although they did not prevail, Liberty Mutual and the other insurer defendants made a number of compelling arguments as to why the Court should disregard the subcontractors' citizenship for jurisdictional purposes. Because Liberty Mutual's attempted removal was reasonable, the Court denies Del Webb's request for attorney's fees.

## CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that Del Webb's motion to remand is **GRANTED**. Consequently, all other pending motions are **DENIED AS MOOT**. The case is hereby remanded to the Court of Common Pleas for Beaufort County.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

**September 28, 2016**
**Charleston, South Carolina**